# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

   v.                                        Case No. 22-CR-75

ROBERT K. LOVE,

          Defendant.

## ORDER

In an April 25, 2023, letter, counsel for Robert Love requested that the court set a deadline for filing pretrial motions pertaining to new counts charged in the second superseding indictment. (ECF No. 89.) Pursuant to that request, this court ordered that Love file by May 5, 2023, "[a]ny pretrial motion relating to the superseding indictment … that could not have been filed prior to the second superseding indictment." (ECF No. 90.)

On May 5, 2023, Love filed a motion to suppress evidence (ECF No. 94) along with a request for a related evidentiary hearing (ECF No. 95). In his letter requesting an evidentiary hearing Love also asked that the government "be precluded from introducing any evidence pertaining to Count 12 of the Second Superseding Indictment,

as [defense counsel] was not given any relevant discovery to that count of November 3, 2022 in the form of police reports, written statements, or audio/video recordings." (ECF No. 95.)

Citing Love's failure to comply with Criminal Local Rule 12(c), the court denied his request for an evidentiary hearing and required that he submit by May 10, 2023, any renewed request which complies with Rule 12(c). (ECF No. 96.) On May 10, 2023, Love's counsel filed another request for an evidentiary hearing in which he purported to meet Rule 12(c)'s requirements. (ECF No. 99.)

In response to Love's request for an evidentiary hearing the government argues that an evidentiary hearing can be denied on two separate grounds. (ECF No. 103.) First, Love's motion to suppress does not comply with the court's order limiting the scope of pretrial motions to those that could not have been filed prior to the second superseding indictment. (ECF No. 103 at ¶ 10 (citing ECF No. 90).) The government contends that Love's motion to suppress—which relates to evidence obtained during a November 2021 search of Love's apartment—could have been filed prior to the second superseding indictment because the second superseding indictment "did not allege or imply new facts with respect to" the November 2021 search. (ECF No. 103 at ¶ 10.) In other words, because "Love's arrest on that day—and the evidence subsequently removed—did not take on new significance following the [second superseding

2

indictment]," Love's motion to suppress—and the related request for an evidentiary hearing—are untimely. (ECF No. 103 at ¶ 10.)

The government also argues that Love's second request for an evidentiary hearing—like his first—fails to comply with Rule 12(c). (ECF No. 103 at ¶¶ 12-14.) The court agrees. Criminal Local Rule 12(c) provides that a movant seeking an evidentiary hearing must, "after a conference with the non-movant, provide a description of the material disputed facts that the movant claims require an evidentiary hearing." Put differently, before a movant requests an evidentiary hearing, he must confer with the nonmovant to determine which—if any—facts are in dispute and then describe for the court which factual disputes necessitate an evidentiary hearing.

Love has neither conferred with the government to identify which relevant facts are disputed nor sufficiently described the factual disputes so that the court can determine whether an evidentiary hearing is necessary. Love asserts that the "[m]aterial facts in dispute pertain to the facts and circumstances of [the] police officers' entry into the dwelling and apartment unit where Mr. Love was residing." (ECF No. 99.) But that tells this court very little about what is supposedly in dispute. The court cannot determine whether an evidentiary hearing is likely to yield information useful in resolving Love's motion to suppress. Criminal Local Rule 12(c) requires specificity: "the court must be provided with sufficiently definite, non-conjectural, and detailed allegations to conclude that an evidentiary hearing might lead to the relief the
3

defendant seeks." *United States v. Dotson*, No. 12-CR-58, 2012 U.S. Dist. LEXIS 191071, *7-8 (E.D. Wis. May 3, 2012). Because Love's requests for an evidentiary hearing fail to describe with the requisite specificity which facts are in dispute, the request will be denied.

The government also responds to a claim from Love's initial request for an evidentiary hearing that, because Love's counsel was not provided with any discovery—such as "police reports, written statements, or audio/video recordings"—relevant to count twelve in the second superseding indictment, the government should be precluded from introducing any evidence pertaining to that count. The government states that, contrary to Love's claim, "[t]he relevant written reports were … provided to [Love's] current counsel as part of a post-[second superseding indictment] supplemental discovery production on or about March 29, 2022"; that "[t]he government has provided defense counsel with the information necessary to locate these materials"; and that "no recordings exist of the relevant statements." (ECF No. 103 at ¶ 17.) Because Love did not include this request in his most recent request for an evidentiary hearing, it is unclear whether he maintains the position that he is missing discovery relating to count twelve of the second superseding indictment. If Love still contends that the government is withholding discovery relevant to count twelve—despite the government's declaration that it has, in fact, provided Love with all discovery relevant to count twelve—he must provide the basis for that contention.

**IT IS THEREFORE ORDERED** that, by no later than **May 24, 2023**, the defendant shall show cause as to why his motion to suppress should not be dismissed as untimely.

**IT IS FURTHER ORDERED** that the defendant's second request for an evidentiary hearing (ECF No. 99) is **denied**. If the defendant still seeks an evidentiary hearing, by **May 24, 2023**, he must confirm with the government which facts are in dispute that require an evidentiary hearing and describe for the court those disputed facts with the degree of specificity required by Crim. L.R. 12(c). Finally, if the defendant still contends that the government is withholding discovery relevant to count twelve of the second superseding indictment, by **May 24, 2023**, he must provide his basis for that contention.

Dated at Milwaukee, Wisconsin this 17th day of May, 2023.

*William E. Duffin*
WILLIAM E. DUFFIN
U.S. Magistrate Judge