# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                  Case No. 22-CR-75

ROBERT K. LOVE,

        Defendant.

## ORDER AND REPORT & RECOMMENDATION

This matter is before the court on defendant Robert Love's motion to suppress (ECF No. 94) and request for a short extension of time to file a statement on an evidentiary hearing (ECF No. 110).

On July 19, 2022, the grand jury in this district returned a superseding indictment, charging Love with conspiracy to commit offenses against the United States, 18 U.S.C. § 371, stealing firearms from federal licensees, 18 U.S.C. § 922(u), receiving firearms while charged with a felony, 18 U.S.C. § 922(n), Hobbs Act Robbery, 18 U.S.C. § 1951, and possession with intent to distribute controlled substances, 21 U.S.C. § 841. (ECF No. 19.)

Approximately a month after Love was indicted the court appointed Attorney Thomas J. Erickson to represent him (ECF No. 39) and set a September 1, 2022, deadline for filing pretrial motions (ECF No. 29), which deadline was subsequently extended to September 9, 2022 (ECF No. 36).

Love did not file any pretrial motions by the September 9, 2022, deadline. Over four months later, on January 31, 2023, Love retained private counsel, Attorney Aneeq Ahmad. (ECF No. 52.) Following Attorney Ahmad's appearance on behalf of Love, Attorney Erickson filed a motion to withdraw as counsel (ECF No. 53), which was granted. On February 28, 2023, approximately a month after Attorney Ahmad's appearance, the grand jury returned a second superseding indictment, charging Love and others with various additional counts, including for possession with intent to distribute controlled substances and conspiracy to possess with intent to distribute controlled substances. (ECF No. 58.) Following Love's arraignment and plea on the second superseding indictment, the court issued a trial scheduling order, which did not include a deadline for filing pretrial motions relating to new counts charged in the second superseding indictment. (ECF No. 87.)

On April 25, 2023, Attorney Ahmad, on behalf of Love, requested that the court set a new pretrial motions deadline for motions relating to the second superseding indictment. (ECF No. 89.) In that request, he indicated that "there are motion issues pertaining to the [September 12, 2021] entry and search of [Love's] residence where

controlled substances were found." (ECF No. 89.) Pursuant to Love's request, the court set a motions deadline for May 5, 2023, but limited the scope of any motions filed to those "that could not have been filed prior to the second superseding indictment," emphasizing that the deadline for filing motions relating solely to the charges contained in superseding indictment had expired. (ECF No. 90.)

On May 5, 2023, Love filed a motion to suppress "all evidence obtained from unlawful entry of defendant's residence on November 12, 2021" (ECF No. 94), along with a request for a related evidentiary hearing (ECF No. 95). Love also filed a motion to dismiss count ten, contending that it is multiplicitous to count eleven. (ECF No. 94.) Noting that Love's request for an evidentiary hearing failed to comply with Crim. L.R. 12(c), the court denied the request and gave Love a deadline for filing a renewed request. (ECF No. 96.) Love timely filed a renewed request for an evidentiary hearing (ECF No. 99), and the court ordered the government to respond (ECF No. 100).

In response, the government argued that Love's second request for an evidentiary again failed to meet the requirements set out in Crim. L.R. 12(c). (ECF No. 103 at ¶¶ 12-14.) The court agreed and, accordingly, denied Love's renewed request for an evidentiary hearing. (ECF No. 104 at 5.) The government also argued that Love's request for an evidentiary hearing should be denied because the related motion to suppress is untimely. (ECF No. 103 at ¶¶ 10-11.) Specifically, the government contended that Love's motion to suppress—which seeks to suppress all evidence obtained during

the November 12, 2021, search of Love's apartment—could have been filed before the second superseding indictment was issued, contending that the second superseding indictment "did not allege or imply new facts with respect to" the November 12, 2021, search. (ECF No. 103 at ¶ 10.)

Attorney Ahmad, on behalf of Love, then filed a statement addressing the government's contention that Love's motion to suppress is untimely. (ECF No. 110.) He points out that he was not Love's initial attorney of record, and that Love's prior counsel chose not to file a pretrial motion by the original September 9, 2022, deadline. (ECF No. 110 at 1.) Because he entered his appearance on January 31, 2023—several months after the September 9, 2022, motions deadline—Attorney Ahmad states that "there was no way for [him] to have filed the motion [to suppress] on Mr. Love's behalf in federal court within the initial motion deadline." (ECF No. 110 at 1.)

He further points out that, in his April 25, 2023, request for a new deadline for filing pretrial motions, he "indicated that [he] anticipated filing a motion pertaining to the entry and search of the residence where the controlled substances were found" and "did not specifically request motions only as to the Second Superseding Indictment." (ECF No. 110 at 1.) He acknowledges that the court limited the scope of any new motions to those "that could not have been filed prior to the Second Superseding Indictment," but argues that "since [his] appearance was entered on January 31, 2023, and no motion deadline was established at that time," his motion to suppress is not

untimely. (ECF No. 110 at 1.) Regarding the fact that Love's prior counsel of record chose not to file a motion by the original September 9, 2022, deadline, Attorney Ahmad observes that, "[s]ometimes, counsels have differing opinions regarding legal issues." (ECF No. 110 at 1.) Finally, he suggests that "it is possible that predecessor counsel was not able to appreciate the motion issue fully," given defense counsel's belief that some of the body-worn camera footage from the September 12, 2021, entry and search of Love's residence has yet to be disclosed. (ECF No. 110 at 2.)

Attorney Ahmad does not dispute that Love's suppression motion falls outside the limited scope for motions established by the court's April 25, 2023, order. In other words, he does not dispute that the motion could have been filed by the original September 9, 2022, deadline for pretrial motions. As explained above, by limiting the scope of new motions to those relating to the changed circumstances presented by second superseding indictment, the court underscored the fact that the deadline for filing pretrial motions relating solely to the superseding indictment had expired.

Attorney Ahmad appears to believe that Love's retention of new counsel entitles him to a new deadline for filing pretrial motions. He is mistaken. While a court may accept an untimely pretrial motion when the defendant shows that good cause exists, switching lawyers after the deadline has passed, by itself, is not good cause. *See, e.g., United States v. Garcia*, 528 F.3d 481, 485 (7th Cir. 2008) (finding that "switching lawyers" is not good cause under Fed. R. Crim. P. 12(c)(3) for missing the deadline for filing

pretrial motions); *United States v. Suggs*, 703 F. App'x 425, 428 (7th Cir. 2017) (same); *United States v. Paulette*, No. 14-CR-30152-5, 2015 U.S. Dist. LEXIS 119209, at *7 (S.D. Ill. Sep. 8, 2015) (same). While lawyers may sometimes have different opinions regarding legal issues, that does not mean a defendant gets a new motions deadline when he decides to hire a new lawyer. And, notably, there is no suggestion that Love's prior counsel was ineffective for failing to file a motion before the September 9, 2022, deadline.

As to Attorney Ahmad's speculation that there remains undisclosed body-worn camera footage from the November 12, 2021, search of Love's residence, such conjecture is not good cause to excuse the motion's untimeliness. If the government provides Love with previously undisclosed discovery that bears on the suppression issue, Love can bring it to the court's attention, at which time the court may revisit the suppression issue. But the court will not excuse the motion's untimeliness based on a hunch that something is missing. As such, Love has not shown "good cause" for the untimeliness of his suppression motion. Therefore, the court will recommend that the motion be denied.

In his original request for an evidentiary hearing Love also asked that the government be precluded from introducing any evidence pertaining to count twelve in the second superseding indictment because it has not provided any discovery relevant to that count, such as "police reports, written statements, or audio/video recordings."

(ECF No. 95.) The government responded that all relevant materials pertaining to count twelve have been provided. (ECF No. 103 at ¶ 17.) Based on the government's response, the court ordered that Love provide the basis for his claim that the government was withholding discovery relevant to count twelve of the second superseding indictment. (ECF No. 104 at 5.)

> Pursuant to the court's order, Love's counsel states that he
>
> has not received any updated reports to support the Government's charge and basis for … count [twelve]. While there are reports of the statements initially made, there are no follow-up or subsequent reports of the conclusions or opinions of law enforcement officers and/or witnesses to support the Government's contention regarding Count 12.

(ECF No. 110 at 2.) Love's contention that the government is withholding discovery amounts to simply a hunch that something must be missing. The court will not preclude the government from introducing any evidence pertaining to count twelve based on Love's hunch that the government is withholding something. As such, the court will recommend that Love's request that the government be precluded from introducing any evidence pertaining to count twelve be denied.

**IT IS THEREFORE RECOMMENDED** that the defendant's motion to suppress (ECF No. 94 at ¶¶ 1-24) be **denied** as untimely.

**IT IS FURTHER RECOMMENDED** that the defendant's request that the government be precluded from introducing any evidence pertaining to count twelve (ECF No. 95) be **denied**.

**IT IS ORDERED** that the defendant's request for a short extension of time to file a statement on an evidentiary hearing (ECF No. 110) is **denied**.

**IT IS FURTHER ORDERED** that the government shall respond to the defendant's motion to dismiss multiplicitous counts (ECF No. 94 at ¶¶ 25-28) by **June 8, 2023**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Crim. P. 59(b)(2), whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation or prior to the Final Pretrial Conference, whichever is earlier. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 31st day of May, 2023.

WILLIAM E. DUFFIN
U.S. Magistrate Judge