UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              Case No. 22-CR-75

ROBERT K. LOVE,

    Defendant.

## REPORT & RECOMMNEDATION

On February 28, 2023, the grand jury in this district returned a Second Superseding Indictment, charging defendant Robert Love with, among other violations, conspiring with two codefendants to possess controlled substances with the intent to distribute the same in violation of 21 U.S.C. § 846 (count ten) and possessing controlled substances with intent to distribute the same in violation of 21 U.S.C. § 841 (count eleven). (ECF No. 58-1 at 11-12.)

Love has moved to dismiss count ten, arguing that it is multiplicitous to count eleven. (ECF No. 94 at ¶¶ 25-28.) Specifically, he contends that counts ten and eleven charge him twice for the same crime and act—the "shared possession of the controlled substances"—and that "the co-conspirator from [c]ount [ten] appears to be the party

that is the co-defendant for [c]ount [eleven][.]" (ECF No. 94 at ¶ 27.) Thus, "the offenses require the same proof of a fact—that the parties jointly possessed the controlled substances." (ECF No. 94 at ¶ 28.)

Multiplicity is the charging of a single offense in more than one count of an indictment. *United States v. Hassebrock*, 663 F.3d 906, 916 (7th Cir. 2011) (citing *United States v. Allender*, 62 F.3d 909, 912 (7th Cir. 1995)). "Multiplicity in an indictment exposes a defendant to the threat of receiving multiple punishments for the same offense in violation of the Double Jeopardy Clause of the Fifth Amendment." *United States v. Starks*, 472 F.3d 466, 469 (7th Cir. 2006).

"The traditional test of multiplicity determines whether each count requires proof of a fact which the other does not. If one element is required to prove the offense in one count which is not required to prove the offense in the second count, there is no multiplicity." *Starks*, 472 F.3d at 469 (quoting *United States v. Gonzalez*, 933 F.2d 417, 424 (7th Cir. 1991)). "[Courts] focus on the statutory elements of the charged offenses, not the overlap in the proof offered to establish them, because a single act may violate several statutes without rendering those statutes identical." *Id.* (quoting *United States v. Muhammad*, 120 F.3d 688, 703 (7th Cir. 1997)).

Count ten and count eleven of the Second Superseding Indictment charge Love with different crimes, which fall under different statutes and require proof of different elements. Count ten charges Love with violating 21 U.S.C. § 846 for conspiring with two

2
Case 2:22-cr-00075-JPS   Filed 07/07/23   Page 2 of 4   Document 130

codefendants to possess controlled substances with intent to distribute the same. (ECF No. 58 at 11.) Put differently, count ten charges Love for the alleged *agreement* (or conspiracy) he entered into with two coconspirators to acquire and distribute controlled substances. *See United States v. Corson*, 579 F.3d 804, 810 (7th Cir. 2009) ("The crime of conspiracy is the agreement itself."). Conspiracy to violate § 846 requires proof that Love entered an agreement (or conspiracy) to acquire and distribute controlled substances, and that he knowingly became a member of the conspiracy with an intent to advance it. *See* Seventh Circuit Pattern Criminal Jury Instructions, at 105, 5.08(B) (2022 ed.).

On the other hand, count eleven charges Love with violating 21 U.S.C. § 841(a)(1), which criminalizes his possession of controlled substances with intention to distribute the same. (ECF No. 58 at 12.) Violation of § 841(a)(1) requires proof that Love knowingly possessed the controlled substances listed in count eleven; that he intended to distribute those controlled substances; and that he knew he possessed some kind of controlled substance. Seventh Circuit Pattern Criminal Jury Instructions, at 991, 21 U.S.C. § 841(a)(1) (2022 ed.). Unlike count ten, it does not require proof of the extra act of entering an agreement with another to commit a crime.

In sum, while count ten charges Love with entering into a conspiracy with two codefendants to acquire and distribute controlled substances, count eleven charges Love with the separate crime of knowingly possessing controlled substances with the intent

to distribute the same. "[C]onspiracy is a separate offense from the underlying crime"; it involves "the extra act of *agreeing* to commit a crime." *United States v. Brown*, 726 F.3d 993, 997 (7th Cir. 2013). Therefore, counts ten and eleven of the Second Superseding Indictment are not multiplicitous.

**IT IS THEREFORE RECOMMENDED** that the defendant's "motion to dismiss due to multiplicitous counts" (ECF No. 94) be **DENIED**.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Crim. P. 59(b)(2), any written objection to any recommendation herein or part thereof shall be filed within fourteen days of service of this recommendation or prior to the Final Pretrial Conference, whichever is earlier. Failure to timely object waives a party's right to review.

Dated at Milwaukee, Wisconsin this 7th day of July, 2023.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge