UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>v.<br><br>ROBERT K. LOVE,<br><br>                  Defendant. | Case No. 22-CR-75-1-JPS<br><br>**ORDER** |

      This case has been pending against Defendant Robert K. Love ("Love") since July 19, 2022. ECF No. 19. Love was originally charged in eight counts of an eighteen-count Superseding Indictment. *Id*. Love's first appointed defense attorney, Thomas Erickson, had until September 9, 2022 to file pretrial motions, ECF No. 36, and filed none. Erickson withdrew and Love's present defense counsel, Aneeq Ahmad ("Ahmad"), appeared on January 31, 2023. ECF Nos. 52, 53. A twelve-count Second Superseding Indictment ("SSI") was filed on February 28, 2023 and is the operative charging document as to Love. ECF No. 58. The SSI charges Love with gun and drug offenses, Hobbs Act robbery, and making a false statement to law enforcement regarding the identity of a co-conspirator. *Id.* At a status hearing on April 20, 2023, Ahmad appeared and requested on Love's behalf that the pretrial motions deadline be extended; the Court instructed Ahmad to take up the matter with the assigned magistrate judge. ECF No. 86.

      On Ahmad's motion, ECF No. 89, Magistrate Judge William E. Duffin set a deadline for the filing of pretrial motions "that could not have been filed prior to the second superseding indictment." ECF No. 90. On May 5, 2023, Love filed a motion to suppress evidence obtained in an

allegedly unlawful entry of his residence on November 12, 2021. ECF No. 94.

The motion to suppress is presently before the Court on Judge Duffin's report and recommendation ("R&R") that it be denied as untimely. ECF Nos. 115/116. Judge Duffin's R&R on the motion to suppress also recommends that Love's request that the Government be precluded from introducing evidence on Count Twelve of the SSI be denied. *Id.* The R&R on the motion to suppress further denies Love's request for a short extension of time to file a statement on why an evidentiary hearing is warranted in this case. *Id.*

Love filed objections to the R&R on the motion to suppress, to which the Government responded. ECF Nos. 124, 128. Love did not file a reply brief within the time allotted. Gen. L.R. 72(c)(3). As stated herein, the Court will overrule Judge Duffin's R&R on the motion to suppress in part, and adopt it in part.

Love's pretrial motion also argues that Counts Ten and Eleven of the SSI are multiplicitous because they "charge[] [Love] twice for the same crime and same act: shared possession of the controlled substances." ECF No. 94 at 9. The Government construed this argument as a motion to dismiss the multiplicitous count(s), ECF No. 103 at 5 n.2, and in accordance with Judge Duffin's directives, responded to the motion to dismiss. ECF No. 118. On July 7, 2023, Judge Duffin issued an R&R recommending that the motion to dismiss multiplicitous counts be denied. ECF No. 130. Love did not file any objections thereto within the time allotted. *Id.* at 4 (citing 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Crim. P. 59(b)(2)); *see also* Gen. L.R. 72(c)(3). The Court will adopt in full Judge Duffin's R&R on the motion to dismiss.

1. **LEGAL STANDARD**

When reviewing a magistrate judge's recommendation, the Court is obliged to analyze de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id*. The Court's review encompasses both the magistrate judge's legal analysis and factual findings. *Id*.; *see also* Fed. R. Crim. P. 59(b).

2. **BACKGROUND AND PARTIES' ARGUMENTS**

   2.1 **Motion to Suppress**

In a nutshell, Love's motion to suppress is premised on the following: that (1) officers entered a multi-unit dwelling without a search or arrest warrant, (2) arrested Love in a common area of that multi-unit dwelling, (3) subsequently obtained a search warrant for a specific apartment in that dwelling, and (4) recovered drugs from that apartment, which are now the subject of the offenses charged in Counts Ten and Eleven of the SSI,[1] as well as ammunition and personal items belonging to Love. *See* ECF No. 94 at 1–4. Love contends that he had a reasonable expectation of privacy in the common areas of the multi-unit dwelling, that the initial entry into the multi-unit dwelling was warrantless and not otherwise

---

[1] Count Ten of the SSI charges Love and his two co-defendants with conspiracy to possess with intent to distribute controlled substances between the dates of November 7 and 12, 2021. ECF No. 58 at 11. No conspiracy count appears in the Superseding Indictment because Love's two co-defendants were not named in that charging document. *See* ECF No. 19. Count Eleven of the SSI charges Love with possession with intent to distribute controlled substances on November 12, 2021. ECF No. 58 at 12. This count is identical to Count Eighteen in the Superseding Indictment. ECF No. 19 at 13.

justified by exigent circumstances, and therefore that the subsequent apartment search violated the Fourth Amendment's protection against unreasonable searches and seizures. *Id.* at 8. Accordingly, Love seeks "suppress[ion of] all evidence seized from any location within the building" on the day of his arrest, November 12, 2021. *Id.*

The Government opposed Love's motion to suppress as untimely, arguing that the motion could have been filed before the SSI was issued because "[t]he SSI did not allege or imply new facts with respect to the events of November 12, 2021" and accordingly that "Love's arrest on that day—and the evidence subsequently recovered—did not take on new significance following the SSI." ECF No. 103 at 3–4. The Government further pointed out that Ahmad, who represented Love in a state matter last year, "made similar challenges on Love's behalf . . . before Love was even charged federally," suggesting that Ahmad was familiar with the events of November 12, 2021 and was in a position to bring the motion to suppress from the time he began representing Love in this federal matter. *Id.* at 4.

Without reaching the legal merits of Love's Fourth Amendment challenge, Judge Duffin agreed with the Government's position. Judge Duffin explained that he was recommending denial of Love's motion as untimely because "Ahmad does not dispute that Love's suppression motion falls outside the limited scope for motions established by the Court's April 25, 2023, order" or otherwise "dispute that the motion could have been filed by the original September 9, 2022 deadline for pretrial motions." ECF No. 115 at 5. He further reasoned that Love's retention of Ahmad, on its own and without a suggestion that prior counsel was ineffective for failing to file the motion to suppress, does not constitute good

cause permitting the Court to accept an untimely pretrial motion. *Id.* at 5–6. Judge Duffin further rejected Ahmad's "speculation that there remains undisclosed body-worn camera footage from the November 12, 2021, search of Love's residence." *Id.* at 6. However, he explicitly noted that "[i]f the government provides Love with previously undisclosed discovery that bears on the suppression issue, Love can bring it to the court's attention, at which time the court may revisit the suppression issue." *Id.*

Love makes just such an argument in his objection to the R&R, filed June 14, 2023. ECF No. 124. Love does not directly address Judge Duffin's assessment that the motion to suppress is outside the limits Judge Duffin imposed. However, he emphasizes that "the Government [has] confirmed that body camera footage was provided pertaining to the search of the defendant's residence, which was previously undisclosed." *Id.* at 1 (citing ECF No. 118 at 3–4, Government's filing related to Love's motion to dismiss allegedly duplicative counts in the SSI). Accordingly, Love argues, "'good cause' now clearly exists due to new discovery materials" which the Government only recently disclosed to Ahmad and never disclosed to prior counsel. *Id.*

In the filing Love cites, the Government states that during a May 24, 2023 meet and confer,[2] Ahmad "asked about body-worn camera footage" from the November 12, 2021 arrest. ECF No. 118 at 3–4. The Government responded that it "had not seen and did not possess any such video" but "promptly researched the matter, and then informed defense counsel that it had located and would promptly produce body-worn camera footage

---

[2] This meet and confer took place on the same day Ahmad's submission "show[ing] cause as to why his motion to suppress should not be dismissed as untimely" was due. ECF No. 104 at 5.

from the Milwaukee Police Department that had not been in the government's possession." *Id.* at 4. The Government in that filing, however, took the position that "[no] new material facts [were] shown in the videos" it disclosed and that the videos "appear to show events consistent with the accounts contained in police reports produced in discovery last year." *Id.*

In its response to Love's objections, the Government argues that "Love's assertion that his prior counsel lacked information necessary to fully assess a suppression challenge is conclusory" and that Love has failed to demonstrate that the factual basis for the suppression motion was not previously "reasonably available" to Love. ECF No. 128 at 6 (quoting Fed. R. Crim. P. 12(b)(3)). In the Government's estimation, by virtue of Ahmad's involvement in Love's state case, Ahmad likely had access to the body-worn camera footage or similar material which would have familiarized him with the events of November 12, 2021:

> in this case[,] Love's present counsel had already possessed—prior to entering his appearance in January [2023]—at least some of the November 12, 2021 body-worn camera footage that the government obtained and produced last month. The government's understanding is that this included video showing police attempts to enter the apartment building prior to Love's arrest—the actions Love complains of in his objection.[5] [Footnote 5: Counsel for the government sought confirmation of which particular videos produced last month were not previously known to the defense. As of the date of this filing, the government has not yet received a definitive response on this point.] That day's events were not new to defense counsel—Love's motion to suppress here is similar to a challenge he pursued in one of his state prosecutions. (See Doc. 103-1.) No explanation is given for why leave to file the motion could not have been sought several months ago.

ECF No. 128 at 6–7.

Moreover, as already noted, Ahmad has not submitted a reply brief or otherwise addressed the Government's contention that, due to his involvement in Love's state case, at least some of the body-worn camera videos were available to him or he was otherwise already familiar with the events of the November 12, 2021 arrest, such that the motion to suppress could have been brought earlier. In a status conference before this Court on July 13, 2023, Ahmad concurred in the Government's assessment that he had some, though not all, of the body-worn camera footage prior to filing the motion to suppress. ECF No. 135 at 5 (status conference transcript).[3] The Government reiterated its position that it cooperated in Ahmad's requests for production of the body-worn camera footage but that, nonetheless, nothing in the videos contradicted the police reports and other material previously disclosed in discovery and/or known to Ahmad. *See id.* at 4–5; *cf.* ECF No. 118 at 4.

### 2.2 Request for Evidentiary Hearing

In the motion to suppress, Love requested an evidentiary hearing "on the suppression issue." ECF No. 94 at 10; *see also* ECF No. 95 (requesting same). Judge Duffin twice—for the same reason—denied Love's request. ECF No. 115 at 8; ECF No. 96 (denying first request for evidentiary hearing for failure to comply with Criminal Local Rule 12(c) and directing Love to file a new, compliant statement); ECF No. 104 at 4 (denying second request for an evidentiary hearing for "fail[ure] to describe with the requisite specificity which facts are in dispute" but giving Love until May 24, 2023 to

---

[3]Ahmad also attributed the failure to earlier file any suppression motion to (1) prior counsel setting the issue aside while the case was in a resolution posture and (2) a prior hearing having been covered by a substitute Assistant United States Attorney not assigned to the case who didn't engage in "any substantive discussion of motion deadlines." ECF No. 135 at 5–6 (status conference transcript).

"confirm with the government which facts are in dispute that require an evidentiary hearing and describe for the court those disputed facts with the degree of specificity required by Crim. L.R. 12(c)").

In his May 24, 2023 submission, Ahmad requested an extension of time to file the prior-referenced statement regarding the need for an evidentiary hearing, so that he could review all the body-worn camera footage and determine what facts, if any, were in dispute. ECF No. 110 at 1. Judge Duffin denied the request. ECF No. 115 at 8.

Love has made no objection to Judge Duffin's denial of the request for a short extension of time to file a statement regarding the need for an evidentiary hearing. *See* ECF No. 124. The Government maintains that "Love still has not identified . . . a material factual dispute that would support his request for an evidentiary hearing." ECF No. 128 at 7.

### 2.3 Request to Preclude Certain Evidence Related to Count Twelve

In addition to requesting suppression and an evidentiary hearing, Love, through Ahmad, requests that

> based on Judge Stadtmueller's order from the April 20, 2023 status conference (Document 86), the Government should be precluded from introducing any evidence pertaining to Count 12 of the Second Superseding Indictment, as I was not given any relevant discovery to that count of November 3, 2022 in the form of police reports, written statements, or audio/video recordings of my client on the USB stick that was provided to us shortly after the Arraignment and Plea hearing that was held on March 24, 2023.

Page 8 of 17
Case 2:22-cr-00075-JPS-WED   Filed 07/24/23   Page 8 of 17   Document 136

ECF No. 95; *see also* ECF No. 86 at 2 (status conference minutes).[4] The Government opposed this request, stating that the relevant written reports were conveyed to both prior counsel and Ahmad and that "no recordings exist of the relevant statements." ECF No. 103 at 6.

Judge Duffin ordered Love to file an additional statement to clarify "whether he maintains the position that he is missing discovery" on Count Twelve of the SSI and, if so, "the basis for that contention." ECF No. 104 at 4. Ahmad did so. ECF No. 110. However, Judge Duffin found that the statement "amount[ed] to simply a hunch that something must be missing" and accordingly recommended that the request to preclude the Government from introducing evidence on Count Twelve of the SSI be denied. ECF No. 115 at 7.

Love objects to this portion of the R&R, contending that "[t]he reports received are simply notes of interviews with Love" rather than "recordings" or "follow-up reports" that "show how the Government supports the assertion that Love provided a false statement." ECF No. 124 at 2. The Government responds that Love "cites no authority" for his assertions that investigators must produce such "follow-up reports." ECF No. 128 at 8. It further responds that it has met its discovery obligations. *Id.* at 8–9 (stating that Love "possesses the evidence and information the government plans to introduce in its case-in-chief at trial," noting that its discovery production has included not just notes and reports but also "call records and a variety of other electronically stored evidence implicating

---

[4]Count Twelve of the SSI alleges that, on November 3, 2022, "Love stated that a man he knew only as 'Tae' participated in an armed robbery of a pharmacy on November 7, 2021," which was a false statement "because, as Love well knew, the actual identity of the man who participated in the armed robbery . . . was [his co-defendant] Alex M. Rollins." ECF No. 58 at 13.

Rollins and also showing Love's connection to and knowledge of Rollins," and noting that no recordings of Love's statement to law enforcement exist).

### 2.4 Motion to Dismiss Multiplicitous Counts

Count Ten of the SSI charges Love and his two co-defendants, Theodore D. Smith and Alex M. Rollins, with conspiracy to possess with intent to distribute controlled substances, "on or before November 7, 2021, and continuing through at least November 12, 2021, . . . [i]n violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846." ECF No. 58 at 11. Count Eleven of the SSI charges Love alone with possession of intent to distribute controlled substances, "[o]n or about November 12, 2021," in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). *Id.* at 12. The Government explains that "[t]hese charges stemmed from Love's participation in armed robberies of pharmacies in Milwaukee on November 3 and November 7, 2021, and the recovery of stolen drugs and other evidence from an apartment building where police arrested Love on November 12, 2021." ECF No. 118 at 1.

As noted earlier, Love argues that these two counts "charge[] [him] twice for the same crime and the same act" because they "require the same proof of a fact – that the parties jointly possessed the controlled substances that were stolen from Walgreens." ECF No. 94 at 9. The Government responds that these counts are distinct because they "have different elements"—Count Ten, the conspiracy count, "criminalizes the agreement Love made with his co-conspirators to obtain controlled substances aiming to distribute the same," whereas Count Eleven, the possession count, "punishes Love's criminal possession of the drugs" in a "distribution

quantity." ECF No. 118 at 2–3. The Government accordingly argues that Love's request for dismissal of either or both counts should be denied. *Id.*

Judge Duffin found that the counts are not multiplicitous because Count Ten requires proof of an "extra act"—the "agreement (or conspiracy) to acquire and distribute controlled substances, and that [Love] knowingly became a member of the conspiracy with an intent to advance it"—not required to prove Count Eleven. ECF No. 130 at 3.

3. ANALYSIS

   3.1 Motion to Suppress

A motion to suppress "must be raised by pretrial motion if the basis for the motion is then reasonably available . . . ." Fed. R. Crim. P. 12(b)(3). Notwithstanding that a motion to suppress is not filed before the court-imposed deadline, "a court may consider the . . . request if the party shows good cause." Fed. R. Crim. P. 12(c)(3). "The pretrial motions requirement embodied in Rule 12 serves 'an important social policy and not a narrow, finicky procedural requirement' . . . ." *United States v. Salahuddin*, 509 F.3d 858, 862 (7th Cir. 2007) (quoting *Jones v. United States*, 362 U.S. 257, 264 (1960)) (vacating judgment and remanding case so that defendant could litigate his motion to suppress). The decision of whether to review an untimely pretrial motion is committed to the discretion of the trial court. *Id.* at 860.

The Court must conclude that, in light of facts that have emerged since Judge Duffin issued his R&R, the R&R must be rejected insofar as it found Love's motion untimely. Judge Duffin's finding of untimeliness was premised on (1) the motion being outside the limited scope he established and (2) new counsel appearing for Love not amounting, on its own, to good cause. ECF No. 115 at 5–6. The Court does not disagree with Judge Duffin's

reasoning in these respects. *Cf. United States v. Suggs*, 703 F. App'x 425, 428 (7th Cir. 2017) (affirming district court's refusal to consider untimely pretrial motion where defense counsel "did not try to justify the delay").

However, the exact possibility Judge Duffin left open that might warrant consideration of an otherwise untimely motion to suppress—"previously undisclosed discovery that" (at least arguably) "bears on the suppression issue," ECF No. 115 at 6—has been realized. The record is somewhat murky as to what body-worn camera footage was known to or in the possession of Ahmad, and when, and it is also concerning that Ahmad himself appears to have waited until the proverbial "eleventh hour" to clarify whether any evidence might be missing. *See supra* note 2. Nonetheless, on the facts before it, the Court is satisfied that the body-worn camera footage on which Love's motion is premised was previously undisclosed by the Government and that the existence, and potential suppression, of this evidence warrants consideration. *See Salahuddin*, 509 F.3d at 862 (finding that the policy underlying Rule 12's timeliness requirement "would not be jeopardized by granting a hearing on the motion to suppress in these unique circumstances"). Although the Court agrees with the Government that Love's November 12, 2021 arrest "did not take on new significance following the SSI," ECF No. 103 at 4, it would be premature to accept the Government's representation that the body-worn camera footage is entirely consistent with other material disclosed in discovery. Moreover, on such thin briefing, *see supra* note 2, it would be premature to conclude that no Fourth Amendment violation occurred.

This is true even with a trial date approaching. Beyond emphasizing the proximity of the trial date, *see* ECF No. 128 at 7, the Government has not argued that it, its witnesses, or any victims in this case will be prejudiced

by the acceptance of Love's motion. *Compare Salahuddin*, 509 F.3d at 862 (finding a pretrial motion should be entertained where "neither the speed and efficiency of the judicial process nor fairness to the Government appears to be at stake" and where "the Government makes no argument that it would have been prejudiced" by consideration of the motion) *with Suggs*, 703 F. App'x at 428 (affirming denial of leave to file untimely motion because "[j]udicial efficiency and fairness to the government and victims were at stake by entertaining the belated motion"). To be sure, efficiency is a concern for this Court, and the Court does not endorse or aim to incentivize Ahmad's delay in seeking and addressing the body-worn camera footage that is supposedly "make or break" for Love's case. But on balance, the Court finds that the public's and the Government's interests in a speedy trial do not outweigh Love's interest in determining whether the evidence against him was obtained consistent with the Fourth Amendment's prohibition on unreasonable searches and seizures.

These factors, in combination with the change in counsel as well as the relatively complex history of this case and its evolving cast of defendants and charging documents, militate in favor of addressing the motion on its merits. Accordingly, the Court overrules Judge Duffin's R&R in this respect and will return the motion to suppress to Judge Duffin for consideration on the merits. As he sees fit, Judge Duffin may order supplemental briefing[5] and/or institute an expedited briefing schedule.

---

[5]Love's merits briefing is of questionable adequacy. For example, Love appears to rely extensively on Wisconsin law, despite being in a federal forum. ECF No. 94 at 5–8; ECF No. 124 at 2; *see United States v. Rainone,* 816 F.3d 490, 496 (7th Cir. 2016) ("[F]ederal law, not state law, controls the admissibility of evidence in a federal prosecution, even if the evidence was seized by state officials and would not be admissible in state court."). The Government twice openly

### 3.2 Request for Evidentiary Hearing

Given that Love's requests for an evidentiary hearing have twice been denied as lacking in requisite detail, the Court has some skepticism that an evidentiary hearing is required. However, it is possible that the evidence driving the motion to suppress may yet reveal factual disputes. Accordingly, along with returning the underlying motion to suppress to Judge Duffin, the Court clarifies that Love is permitted to refile a request for an evidentiary hearing should he identify matters that would be appropriate addressed therein. It should go without saying that the contents of any renewed request for an evidentiary hearing must conform with applicable local rules.

### 3.3 Request to Preclude Certain Evidence Related to Count Twelve

The Court will adopt the R&R to the extent that it recommends that Love's request to preclude the Government from introducing evidence in support of Count Twelve of the SSI be denied. The Court agrees with Judge Duffin that this request is based on nothing more than speculation by Love that something is missing. Love has given the Court no legitimate reason to doubt that the Government has turned over discovery as required. Accordingly, the Court sees no reason to depart from Judge Duffin's reasoning in this respect.

### 3.4 Motion to Dismiss Multiplicitous Counts

The Court will adopt Judge Duffin's recommendation to deny Love's motion to dismiss allegedly multiplicitous counts in the SSI. ECF No. 130.

---

acknowledges that it has not responded in full to what it believes Love's Fourth Amendment arguments are, but that it would be prepared to do so. ECF No. 103 at 5; ECF No. 128 at 6.

Because Love did not bother to object to this R&R, the Court's analysis is brief. "An indictment that charges a single offense in more than one count is multiplicitous." *United States v. Hassebrock*, 663 F.3d 906, 916 (7th Cir. 2011). "The traditional test of multiplicity determines whether each count requires proof of a fact which the other does not. If one element is required to prove the offense in one count which is not required to prove the offense in the second count, there is no multiplicity." *United States v. Starks*, 472 F.3d 466, 469 (7th Cir. 2006) (quoting *United States v. Gonzalez*, 933 F.2d 417, 424 (7th Cir. 1991)). The multiplicity analysis looks to "the statutory elements of the charged offenses, not the overlap in the proof offered to establish them, because a single act may violate several statutes without rendering those statutes identical." *Id.* (quoting *United States v. Muhammad*, 120 F.3d 688, 703 (7th Cir. 1997)).

The Court concurs fully in Judge Duffin's analysis. Counts Ten and Eleven of the SSI "fall under different statutes and require proof of different elements." ECF No. 130 at 2. While Love may be correct that there is overlap in the elements that the Government must prove as to each of these two counts, ECF No. 94 at 9 ("[T]he offenses require the same proof of a fact – that the parties jointly possessed the controlled substances that were stolen from Walgreens."), the overlap in elements (and the proof offered to establish them) is not the dispositive question. *Starks*, 472 F.3d at 469. The dispositive question is whether "one element is required to prove the offense in one count which is not required to prove the offense in the second count." *Id.* Here, there is just such an element: the agreement required to prove the conspiracy count charged in Count Ten. ECF No. 130 at 3 (citing Seventh Circuit Pattern Criminal Jury Instruction 5.08(B) (2022 ed.)); *see also United States v. Brown*, 726 F.3d 993, 997 (7th Cir. 2013) (noting that

"conspiracy is a separate offense from the underlying crime" and "is the extra act of *agreeing* to commit a crime").

## 4. CONCLUSION

The R&R on the motion to suppress is overruled to the extent that Judge Duffin recommended that the motion be denied as untimely; accordingly, the Court will refer the motion to suppress back to Judge Duffin for consideration on the merits. Although the Court does not displace Judge Duffin's findings that Love's statements regarding the need for an evidentiary hearing were deficient as submitted, Love may renew his request for an evidentiary hearing if the body-worn camera footage reveals that such a hearing may be warranted and if such request is consistent with Criminal Local Rule 12(c). The R&R on the motion to suppress is adopted to the extent Judge Duffin recommended that Love's request that the Government be precluded from introducing evidence related to Count Twelve of the SSI be denied.

Judge Duffin's R&R on the motion to dismiss is adopted; Love's request that Counts Ten and/or Eleven of the SSI be dismissed as multiplicitous of one another is denied.

In light of this Order, the operative Trial Scheduling Order, ECF No. 87, will be vacated; trial-related dates will be reset upon resolution of the motion to suppress.

Accordingly,

**IT IS ORDERED** that Magistrate Judge William E. Duffin's R&R on the motion to suppress, ECF No. 116, be and the same is hereby **OVERRULED in part and ADOPTED in part as stated in the terms of this Order**;

**IT IS FURTHER ORDERED** that Defendant Robert K. Love's motion to suppress, ECF No. 94, be and the same is hereby **REFERRED** to Magistrate Judge William E. Duffin;

**IT IS FURTHER ORDERED** that Magistrate Judge William E. Duffin's R&R on the motion to dismiss, ECF No. 130, be and the same is hereby **ADOPTED**; Defendant Robert K. Love's request for dismissal of Counts Ten and/or Eleven of the Second Superseding Indictment be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the operative Trial Scheduling Order, ECF No. 87, be and the same is hereby **VACATED**.

Dated at Milwaukee, Wisconsin, this 24th day of July, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Page 17 of 17
Case 2:22-cr-00075-JPS-WED   Filed 07/24/23   Page 17 of 17   Document 136