# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>ROBERT K. LOVE,<br><br>                    Defendant. | Case No. 22-CR-75-1-JPS<br><br>**ORDER** |

On May 5, 2023, Defendant Robert K. Love ("Love") moved to suppress evidence recovered in what he claimed was an unlawful entry into a multi-unit apartment building. ECF No. 94. Currently before the Court is Magistrate Judge William E. Duffin's Report and Recommendation ("R&R") that Love's motion to suppress be denied on its merits. ECF No. 155.[1] Love did not file any objections to the R&R within the time allotted. *Id.* at 3 (citing 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Crim. P. 59(b)(2)); *see also* Gen. L.R. 72(c)(3). For the reasons stated below, the Court will adopt in full Judge Duffin's R&R and deny Love's motion to suppress.

When reviewing a magistrate judge's recommendation, the Court is obliged to analyze de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28

---

[1]Judge Duffin previously recommended that Love's motion to suppress be denied as untimely. ECF No. 115. This Court partially overruled that recommendation and returned the case to Judge Duffin for consideration of the merits of Love's motion to suppress. ECF No. 136. Judge Duffin ordered the parties to submit further briefing on the merits, ECF No. 137, and the parties did so. ECF Nos. 138 (Love's supplemental brief), 149 (Government's response brief). Love did not file a reply brief within the time allotted under Judge Duffin's briefing schedule.

U.S.C. § 636(b)(1)(C). However, "[t]he district judge has jurisdiction over the case at all times," and the parties' lack of objection "does not preclude further review by the district judge, *sua sponte*[,]. . . under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 154 (1985). The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court's review encompasses both the magistrate judge's legal analysis and factual findings. *Arn*, 474 U.S. at 147; *see also* Fed. R. Crim. P. 59(b).

As Judge Duffin stated in the R&R, Love "seeks suppression of all evidence seized from his apartment on November 12, 2021 . . . ." ECF No. 155 at 1. On that date, police officers "allegedly entered the locked[2] common areas of the [multi-unit] apartment building" and arrested Love in that common area. *Id.* After arresting Love, police officers entered the "common basement," which apparently did not "require[] a key to access" and "was not subdivided into private areas for the individual apartments, nor did it contain any other secured spaces," and there found controlled substances, a gun, and ammunition. ECF No. 149 at 4. Officers also entered one of the

---

[2]The Government's response indicates that police officers "found the door [to the common area of the apartment building] unsecured." ECF No. 149 at 4. However, Love contends that "the Government does appear to acknowledge that there was forcible entry into the dwelling where Mr. Love was arrested . . . ." ECF No. 138 at 1. It is not clear whether Love is referring to an alleged forcible entry into the common area in which he was arrested, or an alleged forcible entry into the individual apartment from which inculpatory evidence was later recovered. But to the extent the parties' conflicting statements present a factual dispute about the circumstances of the police officers' entry into the common area, any dispute is immaterial because—as detailed in the balance of this Order—Love had no reasonable expectation of privacy in the common area of the apartment building (so it would not matter if police entry thereto was forcible), and evidence recovered from the individual apartment was collected pursuant to a search warrant.

apartments in the building without a search warrant,[3] where they found one of Love's codefendants. ECF No. 155 at 1. Police officers then "obtained a search warrant for [that] apartment and discovered inculpatory evidence," namely, controlled substances as well as documents identifying Love as the occupant of the apartment. *Id.*; ECF No. 149 at 6. Love seeks to suppress "all evidence seized from any location within the building." ECF No. 94 at 8.

After considering the above facts and the parties' arguments, Judge Duffin arrived at two conclusions, in which this Court concurs. First, Judge Duffin rejected Love's arguments that the decisions of the Wisconsin Court of Appeals and the Wisconsin Supreme Court, which "recognize an expectation of privacy in common areas," ECF No. 138 at 1, had any bearing on resolving Love's motion to suppress. ECF No. 155 at 1. Under controlling federal precedent, "Love did not have a reasonable expectation of privacy in the common areas of his apartment building." *Id.* at 2 (collecting cases). Accordingly, "[t]he officers' entry into the common areas of the apartment building to arrest Love did not offend the Fourth Amendment," and his motion to suppress evidence recovered at that time is baseless. *Id.* Love has interposed no objection to this finding, nor—despite having had numerous

---

[3]The Government describes the circumstances of this warrantless entry into the individual apartment—apartment 3—as follows; Love has not objected to this characterization of the facts. "Police attempted a knock-and-talk [of apartment 3]. [Officers] could hear someone inside apartment 3, moving about. But no one answered." ECF No. 149 at 5. An officer asked Love who was in apartment 3, to which Love responded "[n]obody." *Id.* Love asked police if they had a search warrant, and they responded they did not. *Id.* The door to apartment 3 was locked; neither officers nor Love had any way to enter the apartment. *Id.* Police eventually "forced their way into apartment 3," then "held the premises pending a search warrant," which was later granted and executed. *Id.* at 5–6.

Page 3 of 5
Case 2:22-cr-00075-JPS   Filed 10/18/23   Page 3 of 5   Document 165

chances to develop his arguments in the multiple rounds of briefing on the motion to suppress and in two separate objections periods—has he offered any compelling reason why this Court should disregard well-settled, and binding, precedent in favor of the decisions of another court. *See RAR, Inc. v. Turner Diesel*, 107 F.3d 1272, 1276 (7th Cir. 1997) ("[F]ederal courts are under no obligation to defer to state court interpretations of federal law."). Thus, the Court adopts Judge Duffin's finding that Love had no reasonable expectation of privacy in the common areas of the multi-unit apartment building in which he was arrested and that therefore evidence recovered in a search of that area need not be suppressed. *See United States v. Whitaker*, 820 F.3d 849, 853 (7th Cir. 2016) ("[Defendant] did not have a reasonable expectation of complete privacy in his apartment hallway." (citing *United States v. Concepcion*, 942 F.2d 1170, 1172 (7th Cir. 1991)); *United States v. Sweeney*, 821 F.3d 893, 899–903 (7th Cir. 2016) (generally discussing when the Fourth Amendment affords protection to common areas of a multi-unit dwelling).

Second, Judge Duffin rejected Love's assertion that the officers' entry into apartment 3 was unlawful and that therefore all evidence recovered in the search of that apartment must be suppressed. ECF No. 155 at 2. Judge Duffin found that, "[b]ecause the seizure of the evidence was independent of any alleged illegal entry," and occurred pursuant to a valid search warrant, "suppression is inappropriate." *Id.* at 3 (citing *Murray v. United States*, 487 U.S. 533, 542 (1988) and *United States v. Alexander*, 573 F.3d 465, 476 (7th Cir. 2009) ("Thus, whether the officers' re-entry into Harris's apartment was illegal is irrelevant. None of the information which would support the issuance of a search warrant was based on anything the officers learned from their re-entry into the apartment.")). Love has again

interposed no objection. But the Court agrees with Judge Duffin that Love's apparent argument that the officers lacked "an objectively reasonable basis to enter the residence without a warrant," ECF No. 138 at 1, is ultimately immaterial to the issue of whether evidence recovered independently *after* that entry should be suppressed. That evidence was recovered pursuant to a search warrant, the validity of which Love does not challenge. ECF No. 155 at 3 ("Nor did officers rely on any fact learned during the allegedly unlawful entry to support the search warrant."). The Court therefore has no reason to depart from Judge Duffin's finding that Love's motion to suppress is meritless in this respect.

Accordingly,

**IT IS ORDERED** that Magistrate Judge William E. Duffin's R&R on the motion to suppress, ECF No. 155, be and the same is hereby **ADOPTED**; and

**IT IS FURTHER ORDERED** that Defendant Robert K. Love's motion to suppress, ECF No. 94, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 18th day of October, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge